# Leahey & Johnson, P.C.
### Attorneys at Law

(212) 269-7308
FACSIMILE (212) 422-4751
WWW.LEAHEYANDJOHNSON.COM

120 Wall Street, New York, N.Y. 10005

December 19, 2016

**VIA ECF**

Hon. Joan M. Azrack
United States District Judge
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

       *Re:* *Rebello et al v. County of Nassau et al*
          Civil Docket No. 16-cv-02484-JMA-AKT

Dear Judge Azrack:

   This firm represents the County of Nassau and certain of the named Defendants in this action. I write in response to the letter motion filed by plaintiffs' counsel on December 16, 2016.

   The Court will recall conducting the pre-motion conference it convened on November 1, 2016 after receipt of the defendants' letter filed pursuant to Rule IV.B of this Court to request a pre-motion conference in anticipation of filing a Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiffs' Complaint. During the course of that conference several topics were discussed in detail including the efforts of the parties theretofore to explore a resolution of these matters. After hearing from the parties the Court stayed the matter pending before it until such time as the plaintiffs' matter pending in New York State Supreme Court is concluded. The Court thereafter offered to make itself available to the parties to conduct a settlement conference. Following a brief discussion the parties agreed to attend and participate in a settlement conference before the Court on January 11, 2017. Plaintiffs have now asked the Court to adjourn that settlement conference without a date based upon the status of discovery in their State Court action.

   Plaintiffs contend that they cannot properly evaluate liability or arrive at an honest assessment of their case absent a deposition of one of the defendants in this matter. Without going into too much detail, to date plaintiffs and their lawyers have filed dozens of FOIL requests with the Nassau County and the Nassau County Police Department; they have prosecuted several Article 78 proceedings to challenge the responses provided to some of those FOIL requests; they have been provided with the Nassau County Police Department's records including its Homicide file; the entirety of the Nassau County District Attorney's file and as such have been given hours of audio recordings and thousands of pages of documents reflecting and documenting the events sued upon as well as the subsequent investigation. Certainly the fact that they had not yet deposed a defendant did not prevent counsel from seeking to actively mediate the case in July or from making settlement demands in these matters.

   The municipal defendants are grateful for the Court's offer of its time and expertise and guidance in working with the parties to try to resolve this case. Whether or not plaintiffs conduct a deposition of one of the defendants will have no impact upon the settlement negotiations. The

suggestion to pursue settlement negotiations came about in the context of a conference addressing the defendants' proposed Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiffs' Complaint. Defendants contend that plaintiffs' Complaint failed to provide the grounds for each of the three causes of action contained therein because the factual allegations fail to meet the required standard of plausibility. See generally Ambrose v. City of New York, 623 F.Supp.2d 454 (SDNY 2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550-64 (2007). The facts as pleaded by Plaintiffs "do not permit [this Court] to infer more than the mere possibility of misconduct" thus, "the complaint has alleged – but it has not shown – that the pleader is entitled to relief" (Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009)).

Since plaintiffs have seen fit to place their motion in the context of the status of discovery in the State Court, simply stated depositions have not yet begun in that action because plaintiffs have refused to provide the defendants with necessary discovery which resulted in the filing of a motion to dismiss their Complaint. Regardless of the status of discovery in the State matter we remain available and willing to attend the conference as scheduled by the Court.

Respectfully submitted,

Christopher Delamere Clarke
(CDC 6160)